**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LENO EDWARD PEREA,<br><br>           Petitioner,<br><br>  v.<br><br>RICHARD B. IVES, WARDEN,<br><br>           Respondent. | NO. CV 12-10960-MMM (MAN)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>WITHOUT PREJUDICE |

On December 26, 2012, Petitioner, a federal prisoner proceeding *pro se*, filed a habeas petition, purportedly pursuant to 28 U.S.C. § 2241, accompanied by a supporting memorandum (respectively, "Petition" and "Pet. Mem."). Petitioner names as Respondent the Warden of USP-Lompoc, the federal correctional institution at which he is incarcerated.

Petitioner is not challenging his federal conviction or sentence, the execution of his sentence, or the fact of his custody or incarceration. Rather, Petitioner complains that, in violation of the Eighth Amendment, he has not been receiving "proper mental health treatment." (Petition at 3.) He alleges that he has not been receiving

1 treatment prescribed by a former physician and has been taken off
2 necessary mental health medication. (*Id.*)  Petitioner further alleges
3 that:  he has been denied access to mental health care for the past
4 three years; USP-Lompoc lacks an adequate number of trained mental
5 health professionals; and although he has repeatedly requested transfer
6 to another federal facility with adequate mental health professional
7 staffing, he has not been transferred.  (Pet. Mem. at 4-5.)

8

9    A habeas corpus petition under 28 U.S.C. § 2241 is the proper
10 vehicle for a federal prisoner's challenge to the manner, location, or
11 conditions of a sentence's execution.  *See* Hernandez v. Campbell, 204
12 F.3d 861, 864 (9th Cir. 2000).  By contrast, challenges to a prisoner's
13 conditions of confinement must be brought through a civil rights action,
14 rather than through a habeas corpus petition.  *See* Badea v. Cox, 931
15 F.2d 573, 574 (9th Cir. 1991); *see also* Docken v. Chase, 393 F.3d 1024,
16 1026 (9th Cir. 2004)("Traditionally, challenges to prison conditions
17 have been cognizable only via § 1983, while challenges implicating the
18 fact or duration of confinement must be brought through a habeas
19 petition.").  A civil rights action is the "proper remedy" for a
20 prisoner "who is making a constitutional challenge to the conditions of
21 his prison life, but not to the fact or length of his custody." Preiser
22 v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973).
23 "[C]onstitutional claims that merely challenge the conditions of a
24 prisoner's confinement, whether the inmate seeks monetary or injunctive
25 relief, fall outside of that core [of habeas relief] and may be brought
26 pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S.
27 637, 643, 124 S. Ct. 2117, 2122 (2004).

28

Notwithstanding Petitioner's invocation of Section 2241, he seeks to pursue civil rights claims, based on an asserted violation of the Eighth Amendment, related to his conditions of confinement, *i.e.*, the alleged failure to provide him with adequate mental health treatment. Petitioner seeks relief that is not available through a habeas action. *See* Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'")(citations omitted). Petitioner's claim, therefore, must be raised by way of a civil rights complaint,[1] rather than through a habeas petition brought under Section 2241.

While the Court may construe a flawed habeas petition as a civil rights action, *see* Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), converting the Petition to a Bivens complaint would be improper, given that:  (1) the Petition is unsigned, in violation of Rule 11(a) of the Federal Rules of Civil Procedure; (2) the Petition was not accompanied by the $350 filing fee; (3) the Petition was not accompanied by an affidavit regarding Petitioner's financial status and a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (4) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (5) based on the exhibits to the Memorandum, it is not clear that Petitioner has exhausted his administrative remedies with respect to the entirety of

---

[1] Because Petitioner challenges the actions of a federal employee, his civil rights claim must be raised under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

his Eighth Amendment claims, a prerequisite to filing a civil rights action;[2] (6) no viable <u>Bivens</u> claim has been stated against the sole named Respondent;[3] and (7) Petitioner has not identified the capacity in which Respondent would be sued for purposes of a civil rights claim, a critical issue for sovereign immunity purposes.[4]

In addition, if the Petition were converted to a <u>Bivens</u> complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The

---

[2] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." <u>Booth v. Churner</u>, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

[3] The Warden of USP-Lompoc is the only named Respondent. The Petition and related Memorandum, however, do not contain any allegations with respect to Respondent, such as what he did or did not do, much less identify what conduct by him violated the Eighth Amendment. Rather, the Petition appears to constitute an improper attempt to hold Respondent vicariously liable premised on the doctrine of respondeat superior, which is inapplicable to <u>Bivens</u> claims. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009).

[4] *See, e.g.,* <u>Mayben v. Barnes</u>, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003)("a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States").

allegations of the Petition do not state a cognizable <u>Bivens</u> claim against Respondent. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.,* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present Eighth Amendment <u>Bivens</u> claims through a properly-submitted civil complaint.[5]

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 22, 2013

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[5] Petitioner also then may determine if he is willing to incur the $350 filing fee obligation, as well as the possibility of incurring another "strike."